## Morris *et al. vs.* Morris *et al.*

Refusal of Injunction, from Cobb. Judgments. Jurisdiction. Equity. Ordinary. Practice. Laches. (Before Judge Brown).

Jackson, C. J.—1. If an execution, which is proceeding to subject property, is founded on a judgment of a court of ordinary which is void for want of jurisdiction, the remedy of the administrator and his sureties against whom the judgment was rendered is ample, adequate and complete at law by affidavit of illegality, and there is no reason for equitable interposition by injunction or otherwise.

2. While equity may set aside a judgment for fraud, it must be fraud in the plaintiff in the judgment or his counsel or agents. The fact that the ordinary before whom a case was pending granted leave of absence to counsel for plaintiff therein, who desired to be absent from the state at one term of the court; that the ordinary stated to opposing

counsel that he would notify him when the case would be heard, but forgot to do so; and that at a subsequent regular term of court, counsel for plaintiff having returned, the case was called up and a judgment rendered, it was not such fraud as furnishes ground for a court of equity to set aside the judgment.

(a) A motion to set aside the judgment might have been made in due time, and addressed to the sound discretion of the ordinary.

(b) To decline to set aside the judgment and agree to have the case heard again, at the request of the ordinary, and to write out the judgment of the ordinary at the time it was rendered, furnishes no evidence of fraud on the part of plaintiff's counsel which would warrant the setting aside of the judgment by a court of equity.

3. The remedy being complete at law, by a motion to set aside the judgment within three years from its rendition, but complainant having delayed for six years, there was such laches as would bar equitable relief.

4. The court of ordinary being a court of general jurisdiction as to the administration of estates, and having passed upon the case and issued final process therein, and there being laches on the part of the defendant, equity will not aid him in setting aside the judgment.

Judgment affirmed.

Phillips & Sessions; J. O. Gartrell; Thos. B. Irwin, for plaintiffs in error.

Clay & Blair; Will. J. Winn, for defendant.